# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIO GONZALEZ**, *et al.*, | : CIVIL ACTION NO. 1:09-CV-1455 |
| Plaintiffs | : (Judge Conner) |
| v. | : |
| **ANGELUS SANITARY CANNING MACHINE COMPANY**, *et al.*, | : |
| Defendants/Third Party Plaintiffs | : |
| v. | : |
| **ACC MEAT COMPANY, LLC d/b/a ACC MEAT CANNING CO.**, *et al.*, | : |
| Third Party Defendants | : |

## MEMORANDUM

This is a diversity action filed by plaintiffs Mario Gonzalez and Lisa Gonzalez against Angelus Sanitary Canning Machine Company ("Angelus"), HEMA Technologies, S.A. ("HEMA"), Sidel, Inc. ("Sidel"), The IAMS Co. ("IAMS"), Alard Equipment Corp. ("Alard"), and Northbrook Engineering and Sales ("Northbrook"), alleging state law negligence, strict liability, and breach of warranty claims. Defendants HEMA, Sidel, IAMS, Alard, and Northbrook (collectively "third party plaintiffs") filed a third party complaint (Doc. 49) against ACC Meat Company, LLC ("ACC") on June 2, 2010. Presently before the court is ACC's motion (Doc. 52) to strike pursuant to FED. R. CIV. P. 14(a)(4), or in the alternative to dismiss pursuant to FED. R. CIV. P. 12(b)(6) the third party complaint. For the foregoing reasons the court will deny the motion.

I.  **BACKGROUND**

On or about December 15, 2008, plaintiff Mario Gonzalez, an employee of Brother and Sister Food Company ("Brother and Sister"), was working on equipment manufactured and/or sold by defendants/third party plaintiffs when his jacket got caught in the moving parts of the equipment.[1]  (Doc. 27 ¶ 44).  Gonzalez was pulled into the equipment causing serious and permanent injuries to his left hand, forearm and arm.  (Doc. 27 ¶ 44).

Plaintiffs filed the instant action against Angelus, HEMA, and Northbrook on June 29, 2009, in the Dauphin County Court of Common Pleas.  On July 27, 2009, defendant Northbrook removed the matter to this court.  (Doc. 1).[2]  The court issued a Case Management Order (Doc. 24) on October 20, 2009, setting a discovery deadline of August 2, 2010.  Plaintiffs filed an amended complaint on November 10, 2009, joining Sidel, IAMS and Alard as defendants.  (Doc. 27).  On May 24, 2010, defendants HEMA, Sidel, IAMS, Alard, and Northbrook sought leave to file a third party complaint (Doc. 46), which the court granted on June 1, 2010.  (Doc. 48).  Third party plaintiffs filed their complaint on June 2, 2010 against ACC alleging ACC was the owner of the equipment at issue and altered the equipment in a way that resulted in plaintiffs' injuries. (Doc. 49).  On June 25, 2010, ACC filed the

---

[1] The equipment consisted of two machines: a HEMA Filling Machine Model MRL 9/12 TS Rotary Filler and an Angelus 41L Seamer Machine, as well as a synchronization unit which connected the two machines. (Doc. 27 ¶¶ 31-36).

[2] The court has jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiffs are residents of Pennsylvania and defendants/third party plaintiffs have principal places of business in Ohio, Georgia, Illinois and the country of France.  (Doc. 27 ¶ 20).  The amount in controversy in the instant matter exceeds $150,000.  (Id. 22).

2

present motion (Doc. 52) to strike or in the alternative to dismiss the third party complaint as untimely and materially prejudicial. The motion has been fully briefed and is now ripe for disposition.

## II. DISCUSSION

ACC argues that the court should strike the third party complaint because it is untimely under local rules of court and it unduly prejudices ACC. Federal Rule of Civil Procedure 14(a)(4) states that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Under local rules, a motion for leave to join a third party defendant "shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur." L.R. 14.1. The court may suspend the rule for good cause. See L.R. 14.3 ("The provisions of this rule may be suspended upon a showing of good cause."); see also L.R. 1.3 (stating that "[w]hen a judge of this court issues any order in a specific case which is not consistent with these rules, such order shall constitute a suspension of these rules for such case only and only to the extent that it is inconsistent.").

The parties disagree regarding the timeliness of the motion for leave to join ACC as a third party defendant,[3] however, the court need not resolve the dispute

---

[3] ACC argues that third party plaintiffs HEMA, and Northbrook were aware of ACC's ownership of the equipment at issue in the instant matter as early as October 14, 2009, and third party plaintiffs IAMS, Sidel, and Alard were aware on December 28, 2009. (Doc. 52 ¶¶ 17-19). On these dates plaintiffs made their initial disclosures to defendants, which included a sales invoice from Northbrook allegedly indicating that the equipment was sold to ACC. (Doc. 52 ¶¶ 17-18). Additionally,

3

because the court finds that neither plaintiffs nor ACC will be unduly prejudiced by joinder in the instant matter and judicial economy warrants joinder of ACC past the deadlines prescribed in federal and local rules.

The purpose of Rule 14 of the Federal Rules of Civil Procedure is to reduce duplicative litigation. Schwab v. Erie Lackawanna R.R. Co., 438 F.2d 62, 67 (3d Cir. 1971). Thus, in the interest of judicial economy, leave to join third parties is liberally granted by federal courts. See Con-Tech Sales Defined Ben. Trust v. Cockerham, 715 F. Supp. 701, 704 (E.D. Pa 1989). In determining whether to permit joinder, federal courts consider: (1) the possibility prejudice to the plaintiff; (2) the complication of issues at trial; (3) the probability of trial delay, and (4) the timeliness of the motion. Schlegel v. Wilson-Cook Medical, Inc., No. 1:05-CV-0660, 2007 WL 465528 at *5 (M.D. Pa. Feb. 8, 2007); Con-Tech Sales Defined Ben. Trust, 715 F.

---

plaintiffs took depositions of Aziz Sahovic and Vedad Sahovic, officers of Brothers and Sisters on January 26, 2010. During the depositions Aziz and Vedad testified that the equipment at issue was sold to ACC, a company in which they are also officers. ACC argues that despite receipt of the sales invoice from the initial disclosures and the deposition testimony indicating the equipment was owned by ACC, third party plaintiffs waited until May, 24, 2010 to seek leave to file a third party complaint against ACC—seven months after the initial case management order, and four months after the depositions. ACC argues that under Local Rule 14.1, the motion is clearly untimely.

Third party plaintiffs argue the motion was timely and not in violation of Local Rule 14.1. (Doc. 54, at 10-11). The Case Management Order was issued prior to joinder of Sidel, IAMS and Alard, and third party plaintiffs allege the three-month deadline expired before it came to light that ACC was the owner of the equipment. (Id.) Third party plaintiffs allege that the first indication of ACC's involvement with the equipment was the Sahovics' deposition testimony, and that ACC's separate identity was clarified only after an April 2010 production of documents. (Id.)

Supp. at 704 (citing O'Mara Enterprises, Inc. v. Mellon Bank, N.A., 101 F.R.D. 668, 670 (W.D. Pa. 1983).

First, plaintiffs are not prejudiced by joinder of ACC through a third party complaint at this stage in the litigation. The same facts alleged by plaintiffs are at issue in third party plaintiffs' complaint against ACC. This court has already decided that plaintiffs are not prejudiced by an extension of the discovery deadline and a later trial date, as made clear by the court's orders (Docs. 56, 61, 63) issued on July 27, 2010, September 8, 2010, and October 29, 2010, extending discovery deadlines in the instant matter.

ACC argues, however, that the court should consider the prejudice to ACC by joining them at this stage. ACC argues that adding them as a party now will be materially prejudicial to them because they have been unable to participate in the discovery that has occurred prior to the third party complaint. (Doc. 53 at 6). Additionally, ACC alleges that the discovery deadline, less than two months away at the time of the filing of the third party complaint,[4] left ACC insufficient time to investigate the claims and prepare a defense, and that they have been prejudiced by the fact that their officers were deposed without the benefit of counsel. (Id.) The court finds any prejudice to ACC to be slight in comparison to the judicial economy of trying virtually the same factual and legal disputes in one proceeding. The court

---

[4] The original discovery deadline set by the Case Management Order was August 2, 2010. (Doc. 24). The court extended the discovery deadline to September 2, 2010, by order dated July 27, 2010. (Doc. 56). By order of the court dated September 8, 2010, the court extended the discovery deadline to November 2, 2010. (Doc. 61). A third order of court (Doc. 63), issued on October, 29, 2010, extended the discovery deadline to December 2, 2010.

5

has extended discovery deadlines and ACC's officers will likely testify at trial regardless of whether ACC is a party to the matter due to the officers' connection to plaintiff's employer, Brother and Sister.

Second, adding ACC will not complicate the issues for trial. The central issue in this matter is whether there was a safety guard on the equipment and the adequacy of that guard. Third party plaintiffs complaint alleges ACC negligently operated and installed the equipment without the guard. (Doc. 49 ¶ 48). The facts at issue in the plaintiffs' complaint and the third party complaint are essentially the same.

Third, joinder of ACC will not unreasonably delay the trial. Parties have been granted an extension of the discovery deadline to November 2, 2010, and trial is set for April 4, 2011. (See Doc. 61). Given the substantial similarity of facts and issues in the complaint and third party complaint, the slight delay of trial is not unreasonable in order to adjudicate the rights of all persons in the controversy and prevent multiplicity of suits—the exact purpose of federal civil procedure joinder rules. See Fed. R. Civ. P. 14; Con-Tech Sales Defined Ben. Trust, 715 F. Supp. at 704.

Fourth, the timeliness of third party plaintiffs' motion to file a third party complaint and join ACC in the instant matter is in dispute. The court need not resolve this dispute because the court finds that the other factors weigh in favor of permitting the third party complaint against ACC to proceed. The court may suspend Local Rules in its discretion and for good cause, see L.R. 1.3; L.R. 14.3, and

the court granted third party plaintiffs' motion for leave to file a third party complaint with full knowledge of the requirements of Local Rule 14.1. See Schlegel, 2007 WL 465528 at *6 (citing Pa. Real Estate Inv. Trust v. SPS Techs., Inc. v. Kulicke & Soffa Indus., No. 94-CV-3154, 1995 WL 687003 (E.D. Pa. Nov. 20, 1995).

The court finds that allowing joinder of ACC through the third party complaint prejudices neither the plaintiffs nor the third party defendant, does not complicate the issues for trial, and does not unreasonably delay trial. The judicial economy of trying common questions of fact against all persons in the controversy outweighs any minimal delay and disruption borne by the plaintiffs and ACC in the instant matter.[5]

### III. CONCLUSION

For the foregoing reasons, ACC's motion (Doc. 52) to strike, or in the alternative, dismiss for failure to state a claim, the third party complaint will be denied.

An appropriate order follows.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      November 2, 2010

---

[5] ACC moves in the alternative to dismiss the third party complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. ACC argues that because the complaint is untimely and prejudicial, it is therefore barred, and relief is unavailable. The court rejects this argument, finding that the interests of judicial economy justify departure from Local Rule 14.1 to permit the third party complaint.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIO GONZALEZ**, *et al.*, | : | **CIVIL ACTION NO. 1:09-CV-1455** |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ANGELUS SANITARY CANNING MACHINE COMPANY**, *et al.*, | : | |
| | : | |
| Defendants/Third Party Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **ACC MEAT COMPANY, LLC d/b/a ACC MEAT CANNING CO.**, *et al.*, | : | |
| | : | |
| Third Party Defendants | : | |

## ORDER

AND NOW, this 2nd day of November, 2010, upon consideration of third party defendant ACC Meat Company's motion (Doc. 52) to strike the third party complaint (Doc. 49), or in the alternative to dismiss pursuant to FED. R. CIV. P. 12(b)(6), and for the reasons set forth in the accompanying memorandum it is hereby ORDERED that the motion (Doc. 52) to strike, or in the alternative to dismiss is DENIED.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge